UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMILY MASUDA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, et al.,<br><br>　　　　　Defendants. | Case No.  20-cv-09389-BLF<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>[Re:  ECF No. 16] |

　　　　Plaintiff Emily Masuda brings this putative class action against Defendants Lucile Salter Packard Children's Hospital at Stanford, Stanford Health Care, and Stanford Health Care Advantage (collectively, "Defendants"), alleging violations of the Fair Credit Reporting Act ("FCRA").  *See* ECF No. 1-1, Exhibit B ("Compl.").  Defendants removed this action to this Court, alleging federal question jurisdiction under 28 U.S.C. § 1331.  *See* ECF No. 1.  Before the Court is Plaintiff's Motion to Remand to state court, in which Plaintiff argues that she lacks Article III standing to bring this claim in federal court.  *See* ECF No. 16 ("Mot." or "Motion").  Defendants oppose the Motion, arguing that there is Article III standing.  *See* ECF No. 19 ("Opp.").  The Court finds this Motion suitable for disposition without oral argument and VACATES the September 30, 2021 hearing.  *See* Civil. L.R. 7-1(b).  For the following reasons, the Court GRANTS Plaintiff's Motion to Remand and REMANDS this case to the Superior Court of the State of California for Santa Clara County.

**I.　BACKGROUND**

　　　　Plaintiff alleges that when she applied for employment with Defendants, Defendants provided her with a disclosure and authorization form to perform a background check on her.

1  Compl. ¶ 24. Plaintiff alleges that Defendants did not provide legally compliant disclosure or authorization forms because the forms contained "extraneous and superfluous language" in violation of the "clear and conspicuous" and "clear and accurate" requirements of section 1681(b)(2)(A) and 1681d(a) of the FCRA. *Id.* ¶ 25. Plaintiff further alleges that the disclosure and authorization forms did not accurately provide a summary of rights and the law and were not standalone documents, both as required by the FCRA. *Id.* ¶¶ 26-27. Plaintiff alleges that Defendants routinely acquire credit and background reports, like those they sought to obtain on Plaintiff, in connection with their hiring process. *Id.* ¶ 2. Plaintiff seeks to represent a class of all of Defendants' current, former, and prospective applicants for employment in the United States who applied for a job and had a background check performed on them, from five years prior to the filing of this case through final judgment. *See id.* ¶ 16. Plaintiff seeks "statutory damages and/or actual damages, punitive damages, injunctive and equitable relief[,] and attorneys' fees and costs." *Id.* ¶ 61; *see also id.* Prayer for Relief.

Plaintiff filed the Complaint in Santa Clara County Superior Court on November 13, 2020. *See* Compl. at 1. Defendants removed the case to this Court on December 29, 2020. *See* ECF No. 1. Plaintiff filed this Motion to Remand on March 29, 2021. *See* Mot.

**II.   LEGAL STANDARD**

   **A.   Removal**

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation

2

omitted). When the Court determines that it lacks subject matter jurisdiction over an action that has been removed to federal court, the Court must remand the case to state court. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III.").

### B. Article III Standing

In *Spokeo*, the Supreme Court reaffirmed that to have Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

To establish injury in fact, a plaintiff must have suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (citing *Lujan*, 504 U.S. at 560). To be "particularized," an injury "must affect the plaintiff in a personal and individual way." *Id.* (citing *Lujan*, 504 U.S. at 560 n.1). The Supreme Court in *Spokeo* distilled several "general principles" from its prior cases with respect to concreteness. *Id.* at 1549–50. A concrete injury is one that is "'real,' and not 'abstract.'" *Id.* at 1548 (citation omitted). Tangible injuries plainly satisfy this requirement. *Id.* at 1549. Nevertheless, intangible injuries may also be concrete. *Id.* In evaluating whether an intangible injury satisfies the "concreteness" requirement, the *Spokeo* Court identified two important considerations (1) "whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts" and (2) the judgment of Congress, which "'has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.'" *Id.* (quoting *Lujan*, 504 U.S. at 580 (Kennedy, J., concurring in part and concurring in judgment)).

The Supreme Court then elaborated on the connection between statutory standing and concrete injury. First, the Court explained that "Article III standing requires a concrete injury even in the context of a statutory violation[.]" *Id.* (citing *Summers v. Earth Island Inst.*, 555 U.S.

1    488, 496 (2009)). Therefore, "[a plaintiff] could not, for example, allege a bare procedural

2    violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article

3    III." *Id.* At the same time, the Supreme Court observed, in cases where "harms may be difficult

4    to prove or measure[,]" "the violation of a procedural right granted by statute can be sufficient . . .

5    [and] a plaintiff in such a case need not allege any additional harm beyond the one Congress has

6    identified." *Id.* (citing *FEC v. Akins*, 524 U.S. 11, 20–25 (1998); *Pub. Citizen v. De"t of Justice*,

7    491 U.S. 440, 449 (1989)). The Supreme Court noted that although one of the FCRA's purposes

8    is to protect against inaccurate credit reporting, "not all inaccuracies cause harm or present any

9    risk of harm." *Id.* at 1550.

10   **III.   DISCUSSION**

11      **A.   Article III Standing**

12   Plaintiff argues that this case should be remanded to Santa Clara County Superior Court

13   because she lacks Article III standing to assert her FCRA claim in federal court. *See* Mot. at 4.

14   Plaintiff argues that she asserts a bare procedural violation of the FCRA, which the Supreme Court

15   of the United States found does not constitute a concrete injury required under Article III. *See id.*

16   at 5. Defendants argue that Plaintiff does have Article III standing because the Court can infer that

17   Plaintiff was confused by the disclosure and authorization forms, which is sufficient to establish

18   concrete injury. *See* Opp. at 4-6.

19   The Court agrees with Plaintiff that she has not alleged facts showing that she possesses

20   Article III standing to assert her FCRA claim in federal court. It is true that alleged procedural

21   violation of a statute "can by itself manifest a concrete injury where Congress conferred the

22   procedural right to protect a plaintiff's concrete interests." *Robins v. Spokeo, Inc.*, 867 F.3d 1108,

23   1113 (9th Cir. 2017). But the weight of authority under the FCRA post-*Spokeo* holds that mere

24   procedural violations of the FCRA's requirements for consumer reports cannot establish concrete

25   injury and confer Article III standing. *See, e.g.*, *Orpilla v. Schenker, Inc.*, 2020 WL 2395002, at

26   *4 (N.D. Cal. May 12, 2020) (no standing where disclosures contained extraneous information and

27   were obtained without authorization); *Williams v. Nichols Demos, Inc.*, 2018 WL 3046507, at *4

28   (N.D. Cal. June 20, 2018) (no standing where disclosures contained extraneous information and

United States District Court
Northern District of California

did not separate content into standalone forms).  Procedural violations are exactly what Plaintiff has alleged here:  the failure to obtain proper authorization and distribution of forms that contained superfluous and extraneous language, omitted required summaries of rights and the law, and failed to separate content into required standalone documents.  Compl. ¶¶ 25-27.

In opposition, Defendants rely almost exclusively on *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017), to argue that Plaintiff has Article III standing.  In *Syed*, the plaintiff received a disclosure document that included a liability waiver, allegedly in violation of § 1681b(b)(2)(A)(i).  Years later, the plaintiff discovered the violation when he obtained and reviewed his personnel file from the defendant and "discovered that [defendant] had procured and/or caused to be procured a 'consumer report' regarding him for employment purposes based on the illegal disclosure and authorization form."  *Syed*, 853 F.3d at 499.  The Ninth Circuit found these allegations sufficient to "infer that Syed was confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure, as required by the statute."  *Id.* at 499-500.  That inference led to the conclusion that "Syed was deprived of the right to information and right to privacy" guaranteed by the FCRA, which is a concrete injury.  *Id.* at 500.

Here, in contrast, there is no fair inference to be made that Plaintiff was confused or had her right to information and right to privacy violated.  Plaintiff does not allege that she was confused by the forms, that she later discovered that a consumer report had been generated when she had not expected it, or that she suffered any other harm from the noncompliant forms.  Numerous recent district court cases have distinguished *Syed* on the same basis.  *See Orpilla*, 2020 WL 2395002, at *4 (*Syed* inapposite because plaintiff "made no allegations of confusion, late discovery of [d]efendant's violation of the FCRA, or any other allegation from which the [c]ourt may infer that she was confused or that she would not have signed the document if she had received clear disclosures"); *Moore v. United Parcel Serv., Inc.*, 2019 WL 2172706, at *1 (N.D. Cal. May 13, 2019) (*Syed* inapposite because complaint was "devoid of allegations of confusion, error, or other harm from the alleged violations that might give rise to standing").  The other cases Defendants cite in support of this argument all involved allegations of confusion.  *See, e.g.*,

5

*Bebault v. DMG Mori USA, Inc.*, 2020 WL 2065646, at *1 (N.D. Cal. Apr. 29, 2020) (standing where plaintiff "confused by the extraneous information" in defendant's disclosure). Contrary to Defendants' argument, the single use of the word "confusing" in the Complaint is in a boilerplate statement of law. *See* Compl. ¶ 26 ("The FCRA disclosure should be a standalone document and, if desired, a bare authorization to obtain information, without being weighed down by irrelevant state law references, confusing and contradictory rights summaries, and impermissible references to side documents containing information not set forth in the attempted disclosure."). The Court declines to elevate this "passing reference[]" to confusion to the level of concrete and particularized harm required for Article III standing. *Mansapit v. Deluxe Corp.*, 2019 WL 2423423, at *1 (N.D. Cal. June 10, 2019).

Defendants also argue that Plaintiff is seeking actual damages and thus has alleged Article III injury-in-fact. *See* Opp. at 6 (citing Compl. ¶¶ 47, 60, Prayer for Relief). It is true that the Complaint uses the words "actual damages" in those sections. Paragraphs 47 and 60 make clear that Plaintiff is seeking "statutory damages and/or actual damages" under the FCRA, but the relief sought in the Prayer does include "actual damages" by itself. In any case, the Court also declines to infer concrete harm from these isolated phrases. What controls are Plaintiff's allegations about the forms and the effect they had on her, and those allegations do not resemble the kind which the Ninth Circuit has found confers Article III standing.

### B. Request for Limited Discovery

In the alternative, Defendants argue that Plaintiff should not be allowed to "evade federal jurisdiction" by "clever pleading," and so if the Court is inclined to find no Article III standing, the Court should first order limited discovery on the standing issue to prevent Plaintiff from later asserting confusion or some other injury that would confer standing. *See* Opp. at 7-9. Defendants propose requiring Plaintiff to submit a sworn declaration or sit for a limited deposition. *Id.* at 9.

The Court finds additional discovery unwarranted. Under the artful pleading rule, a "plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010) (citation omitted). But the Court is not persuaded that Plaintiff has omitted facts necessary to federal jurisdiction. The Complaint is

clearly brought under federal law: the FCRA. And the FCRA provides for statutory damages of $100 to $1,000 even if no actual damages are sustained. 15 U.S.C. § 1681n(a). As such, Plaintiff is free to plead (truthfully, of course) that she did or did not sustain actual harm. Defendants' speculative arguments regarding what Plaintiff may or may not do at later stages of the litigation are simply irrelevant and are not grounds for discovery. If Plaintiff does change course at a later stage of the litigation and make representations inconsistent with those in her Complaint regarding her injury, Defendants are free to seek appropriate relief from the state court at that time.

**C.   Remedy**

Defendants' final argument is that if the Court finds that there is no Article III standing, the proper remedy is dismissal of the case rather than remand to the state court. *See* Opp. at 6-7. Defendants say dismissal is warranted because "if the Court were to determine this is a no-injury FCRA case, as Plaintiff contends, then it should not be allowed to proceed regardless of where it is brought," making remand futile. *See id.* at 7. But this is not so. "[A] lack of Article III standing does not necessarily preclude a plaintiff from vindicating a federal right in state court." *Moore*, 2019 WL 2172706, at *2 (citing *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018)). Other courts have noted this "quirk of the United States federalist system" that a state court may possess "jurisdiction to adjudicate a federal claim when a federal court does not." *See Miranda v. Magic Mountain LLC*, 2018 WL 571914, at *3 (C.D. Cal. Jan. 25, 2018). Remand is the proper remedy here, and the parties can litigate whether Plaintiff possesses standing under California law in front of the state court. *Polo*, 833 F.3d at 1196.

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is GRANTED. The Clerk shall REMAND this case to the Superior Court of the State of California for Santa Clara County.

Dated: September 22, 2021

_____
BETH LABSON FREEMAN
United States District Judge